IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

STEVEN REE,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
XYZ CORPORATION(S) (provider of the shore
excursion called "Ultimate Beach and Snorkel Adventure"),

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff sues Defendants and alleges:

### PRELIMINARY ALLEGATIONS

   1.  Plaintiff, STEVEN REE is a citizen of the United States and a resident of the state of Arizona.

   2.  Defendant, ROYAL CARIBBEAN CRUISE LTD. ("RCCL"), is a Liberian corporation with its principal place of business in Miami-Dade County, Florida.

   3.  Defendant, XYZ CORPORATION(S) (provider of the shore excursion called "Ultimate Beach and Snorkel Adventure"), is included to represent the owner(s) and or operator(s) of the subject excursion, insofar as such entity has a different name than the named defendants herein. XYZ CORPORATION(S) is (are) also used in a plural form.  In the event that discovery reveals that additional entities, other than the named Defendants herein, contributed to the ownership, operation, and/or management of the subject excursion, the legal names of the entities will be substituted for XYZ CORPORATION(S).

4.   This matter in controversy exceeds the sum or value of $75,000 specified by 28 U.S.C. § 1332, exclusive of interest and costs.  In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this Court.

5.   At all times material hereto, all Defendants, personally or through an agent:

a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.   Were engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 and/or 48.193;

e.   The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state;

f.   The Defendant, RCCL, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Jewel of the Seas*.

6.   Defendants are subject to the jurisdiction of the Courts of this State.

7.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8.   At all times material hereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, *Jewel of the Seas*.

9.   At all times material hereto, Defendant, XYZ CORPORATION(S) ("Excursion Entity") owned and/or operated the subject excursion, "Ultimate Beach and Snorkel Adventure" which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

10. The Excursion Entity is believed to have entered into a contract with RCCL for the protection of RCCL's passengers, whereby the Excursion Entity agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over themselves, and consented to the venue of the United States District Court for the Southern District of Florida. The Excursion Entity is believed to have also agreed to indemnify RCCL for the claims made in this Complaint within the meaning of Florida Statute § 48.193(d). Furthermore, the Excursion Entity is subject to the jurisdiction of this Court because they sell shore excursion tickets through RCCL's website which is administered in Florida.

## FACTS COMMON TO ALL COUNTS

11. On or about June 9, 2014, Plaintiff was a paying passenger aboard the *Jewel of the Seas,* which was in navigable waters.

12. At all times material hereto, excursions from the *Jewel of the Seas* were advertised to passengers and the Plaintiff on RCCL's website and in RCCL's promotional material, including, but not limited to, brochures, and in cabin television commercials which contained RCCL's logo.

13. At all times material hereto, RCCL offered passengers aboard the *Jewel of the Seas* and the Plaintiff the opportunity to go on various shore excursions during the subject cruise, including, but not limited to, the subject excursion, Ultimate Beach and Snorkel Adventure.

14. At all times material hereto, RCCL had a shore excursion desk aboard the *Jewel of the Seas* for the purpose of, *inter alia*, providing RCCL passengers recommendations regarding shore excursions and charging RCCL passengers for shore excursions.

15. At all times material hereto, RCCL sold tickets for the Ultimate Beach and Snorkel Adventure to passengers aboard the *Jewel of the Seas*, including the Plaintiff, during the subject cruise.

16. At all times material hereto, RCCL did not provide any information to Plaintiff with respect to the name, address, owner and/or operator of the Ultimate Beach and Snorkel Adventure.

17. On or about June 9, 2014, as part of Plaintiff's cruise aboard the *Jewel of the Seas*, Plaintiff participated in the Ultimate Beach and Snorkel Adventure in Phillipsburg, St. Maarten.  This excursion was arranged for, sponsored, recommended, operated, marketed, and/or sold by RCCL as part of the voyage on the subject cruise.

18. The Ultimate Beach and Snorkel Adventure consisted of a high-speed boat ride aboard a zodiac style boat and snorkeling.

19. On or about June 9, 2014, towards the end of the subject excursion, the Plaintiff, as well as the other excursion participants, were riding in a zodiac style boat on the way back to the *Jewel of the Seas*. The zodiac style boat was being driven at a high rate of speed when the boat hit multiple swells in a row causing Plaintiff to be ejected from his seat numerous times. As a result thereof, Plaintiff suffered severe and permanent personal injuries.

20. At all times material hereto, the Excursion Entity was the agent(s) and/or apparent agent(s) of RCCL by virtue of the following, such that RCCL is estopped from denying that RCCL was the agent for the Excursion Entity:

   a.   RCCL made all arrangements for the subject excursion without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

   b.   RCCL marketed the subject excursion using its company logo on its website and/or in its brochures and/or on its ship without disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

   c.   RCCL's web page advertising the Ultimate Beach and Snorkel Adventure makes numerous references to RCCL and none to the shore excursion entity; and/or

d.   RCCL's web page advertising the Ultimate Beach and Snorkel Adventure refers to the excursion as a "Royal Caribbean International Shore Excursion"; and/or

e.   RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to the Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

f.   RCCL recommended its passengers to not engage in excursions, tours and/or activities that are not sold through RCCL; and/or

g.   Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with RCCL and/or RCCL's onboard excursion desk; and/or

h.   The fee for the subject excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL; and/or

i.   Plaintiff received a receipt exclusively from RCCL for the purchase of the subject excursion.

21. At all times material hereto, Plaintiff relied on the above, to their detriment, so as to believe that the Excursion Entity was the employee(s) and/or agent(s) of RCCL, in choosing the subject shore excursion.  At no time did RCCL represent to Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the Excursion Entity was not the agent(s) and/or employee(s) of RCCL.

22. At all times material hereto, RCCL was the owner or co-owner of the subject excursion. At all times material hereto, RCCL was responsible for, and liable for, the actions of the Excursion Entity with respect to the subject excursion.

23. In the alternative, at all times material hereto, a partnership and/or joint venture existed between the Excursion Entity by virtue of the following, whereby RCCL and the Excursion Entity are jointly and severally responsible for the negligence of each other as partners of the partnership and/or joint venture:

a. RCCL and the Excursion Entity entered into an agreement whereby: RCCL made all arrangements for the Plaintiff, on behalf of the partnership with the Excursion Entity, for the subject excursion being run by the Excursion Entity; and/or

b. RCCL marketed on RCCL's website and/or in its brochures and/or on its ship, on behalf of the partnership with the Excursion Entity, the subject excursion being run by the Excursion Entity; and/or

c. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers, on behalf of the partnership with the Excursion Entity, about the subject excursion being run by the Excursion Entity; and/or

d. The Excursion Entity provided the subject excursion boat to be used in the subject excursion; and/or

e. RCCL determined the amount of money charged for the subject excursion being run by the Excursion Entity; and/or

f. RCCL collected the amount of money charged for the subject excursion being run by the Excursion Entity; and/or

g. RCCL paid the Excursion Entity a portion of the sales of tickets for the subject excursion after the subject excursion tickets were sold; and/or

h. RCCL shared profits and losses with the Excursion Entity for the subject excursion.

Lipcon, Margulies, Alsina & Winkleman, P.A.

24. At all times material hereto, RCCL was an agent for the Excursion Entity in the United States.

25. At all times material hereto, RCCL was a partner in the subject excursion.

26. At all times material hereto, RCCL operated and/or supervised the subject excursion.

27. At all times material hereto, the Excursion Entity owned and operated the subject excursion.  The Excursion Entity was involved in providing the subject excursion to Plaintiff.  At all times material hereto, the Excursion Entity was the agent(s), apparent agent(s), joint venture(s), servant(s), and/or employee(s) of RCCL and at all times acted within the course and scope of their agency, apparent agency, joint venture, service and/or employment.

### COUNT I – NEGLIGENCE AGAINST CARNIVAL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though alleged originally herein.

28. It was the duty of RCCL to provide Plaintiff with reasonable care under the circumstances.

29. On or about June 9, 2014, RCCL and/or its agents, servants, joint ventures and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

30. Plaintiff was injured due to the fault and/or negligence of RCCL and/or its agents, servants, joint ventures and/or employees for acts and/or omissions that include, but are not limited to, the following:

   a.   Failure to provide a safe excursion; and/or

   b.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

   c.   Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

d.   Failure to adequately inspect and/or routinely monitor the subject excursion so as to ensure that the equipment used in the subject excursion (including the zodiac style boat) was reasonably safe for Plaintiff and cruise passengers; and/or

e.   Failure to adequately inspect and/or maintain the equipment used in the subject excursion (including the zodiac style boat) so as to ensure that it was reasonably safe for cruise ship passengers; and/or

f.   Failure to provide an excursion that utilized reasonably safe equipment that was routinely and adequately inspected and maintained; and/or

g.   Failure to adequately warn the Plaintiff of the danger posed by traveling aboard the zodiac style boat; and/or

h.   Failure to require that the Excursion Entity adequately warn the Plaintiff of the danger posed by traveling aboard the zodiac style boat; and/or

i.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by traveling aboard the zodiac style boat; and/or

j.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by traveling aboard the zodiac style boat; and/or

k.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that the zodiac style boat used for the subject shore excursion was reasonably safe for cruise ship passengers; and/or

l.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that the zodiac style boat used for the subject shore excursion was reasonably safe for cruise ship passengers; and/or

m.   Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals riding on the zodiac style boat; and/or

n.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals riding on the zodiac style boat; and/or

o.   Failure to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

p.   Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or maintain the equipment used for the subject shore excursion, including the zodiac style boat; and/or

q.   Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not provide training, safety advice, and/or safety equipment to the subject shore excursion; and/or

r.   Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

s.   Having a shore excursion that was not competently operated; and/or

t.   Failure to adequately inspect and review the subject shore excursion prior to offering this tour to passengers; and/or

u.   Retaining a shore excursion company whose zodiac style boat violated safety laws including those promulgated in the International Convention for the Safety of Life at Sea (SOLAS); and/or

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

v.   Failure to retain an adequate tour operator with knowledge regarding the safe operation of the subject zodiac style boat.

All of which caused the Plaintiff to suffer severe and permanent injuries when he was ejected from his seat aboard the zodiac style boat numerous times while participating in the shore excursion, Ultimate Beach and Snorkel Adventure.

31. At all times material hereto, RCCL had exclusive custody and control of the vessel, *Jewel of the Seas*.

32. At all times material hereto, RCCL negligently failed to determine the hazards that the excursion posed to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.   In addition, RCCL violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual.  All of the above caused the Plaintiff to be injured.

33. RCCL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that RCCL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Prior to offering the Ultimate Beach and Snorkel Adventure, RCCL inspected the excursion and was aware of the dangers associated with high speed boat rides. Upon information and belief, RCCL had knowledge of prior incidents regarding the subject excursion and did not correct the dangerous situation.

34. As a direct and proximate result of the negligence of RCCL, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries,

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

### COUNT II – NEGLIGENCE AGAINST THE EXCURSION ENTITY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though alleged originally herein.

35. At all times material hereto, the Excursion Entity owned and/or operated the subject excursion.

36. It was the duty of the Excursion Entity to provide Plaintiff with reasonable care under the circumstances.

37. On or about June 9, 2014, the Excursion Entity and/or their agents, servants, joint ventures and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

38. Plaintiff was injured due to the fault and/or negligence of the Excursion Entity and/or their agents, servants, joint ventures and/or employees for acts and/or omissions that include, but are not limited to, the following:

    a.   Failure to provide a safe excursion; and/or

    b.   Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    c.   Failure to adequately inspect and/or routinely monitor the excursion so as to ensure that the subject excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

L I P C O N , M A R G U L I E S , A L S I N A & W I N K L E M A N , P . A .

d.   Failure to adequately inspect and/or routinely monitor the subject excursion so as to ensure that the equipment used in the subject excursion (including the zodiac style boat) was reasonably safe for Plaintiff and cruise passengers; and/or

e.   Failure to adequately inspect and/or maintain the equipment used in the subject excursion (including the zodiac style boat) so as to ensure that it was reasonably safe for Plaintiff and cruise ship passengers; and/or

f.   Failure to provide an excursion that utilized reasonably safe equipment/transportation that was routinely and adequately inspected and maintained; and/or

g.   Failure to adequately warn the Plaintiff of the danger posed by traveling aboard the zodiac style boat; and/or

h.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by traveling aboard the zodiac style boat; and/or

i.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that the zodiac style boat used for the subject shore excursion was reasonably safe for cruise ship passengers; and/or

j.   Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals traveling aboard the zodiac style boat; and/or

k.   Failure to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

l.   Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or maintain the equipment/vehicles used for the subject shore excursion, including the zodiac style boat; and/or

m. Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not verify that the equipment/vehicles used for the subject shore excursion including the zodiac style boat, are reasonably safe, inspected, and/or maintained; and/or

n. Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

o. Having a shore excursion that was not competently operated; and/or

p. Violating safety laws including those promulgated in the International Convention for the Safety of Life at Sea (SOLAS); and/or

All of which caused the Plaintiff to suffer severe and permanent injuries when he was ejected from his seat aboard the zodiac style boat numerous times while participating in the shore excursion, Ultimate Beach and Snorkel Adventure.

39. At all times material hereto, the Excursion Entity had exclusive custody and control of the subject excursion.

40. The Excursion Entity knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that the Excursion Entity, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Moreover, the excursion entity should have known that driving a zodiac style boat in swells at a high rate of speed is a dangerous situation that could cause serious injury.

41. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The

injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments

in the future.  In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and

demand trial by jury.

## COUNT III – APPARENT AGENCY OR AGENCY
## BY ESTOPPEL CLAIM AGAINST CARNIVAL

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one

(1) through twenty-seven (27) as though alleged originally herein.

42. At all times material hereto, the Excursion Entity was the apparent agent(s) of RCCL.

43. At all times material hereto, RCCL is estopped to deny that the Excursion Entity was their

agent(s) or employee(s).

44. At all times material hereto, RCCL made manifestations which caused Plaintiff to believe

that the Excursion Entity had authority to act for the benefit of RCCL. These manifestations

included:

a.  RCCL allowed its name to be utilized in connection with the advertising of the

Excursion Entity; and/or

b.  RCCL allowed its name and logo to be used by the excursion company while at the

pier; and/or

c.  RCCL made all arrangements for the subject excursion before Plaintiff ever boarded

the ship or received their excursion tickets and never effectively disclosed to Plaintiff that the

subject excursion was being run by another entity (and/or entities); and/or

d.  RCCL marketed the subject excursion using its company logo and name on its website

and/or in its brochures and/or on its ship without effectively disclosing to Plaintiff that the subject

excursion was being run by another entity (and/or entities); and/or

e.   RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without effectively disclosing to Plaintiff that the subject excursion was being run by another entity (and/or entities); and/or

f.   Until the point that Plaintiff actually participated in the subject excursion, the Plaintiff's exclusive contact concerning the subject excursion was with RCCL; and/or

g.   RCCL recommended Plaintiff to not engage in excursions, tours or activities that were not sold through RCCL as RCCL has no familiarity with other tours or their operations; and/or

h.   Plaintiff received a receipt exclusively from RCCL for the purchase of the subject excursion; and/or

i.   The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL.

45. Plaintiff reasonably relied on the above, to their detriment, so as to believe that the Excursion Entity was the employee(s) and/or agent(s) of RCCL in choosing the subject excursion.

46. It was reasonable to believe that the Excursion Entity was RCCL's employee(s) and/or agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with RCCL. RCCL's actions caused Plaintiff to believe that the Excursion Entity had authority to act on RCCL's behalf. At no time did the Excursion Entity represent to the Plaintiff in particular or the ship's passengers in a meaningful way that the Excursion Entity was not an agent or employee of RCCL.

47. Plaintiff's reasonable reliance was detrimental because she would not have booked, paid for and/or participated in the subject shore excursion or incurred any injuries had the Plaintiff known the subject shore excursion was not operated by RCCL.

48. The foregoing acts of negligence of RCCL and/or the Excursion Entity was a direct and proximate cause of the Plaintiff's injuries and damages.

49. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT IV – JOINT VENTURE BETWEEN
## CARNIVAL AND THE EXCURSION ENTITY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though alleged originally herein.

50. At all times material hereto, RCCL and the Excursion Entity engaged in a joint venture to provide excursions to passengers aboard RCCL's ship(s).

51. At all times material hereto, RCCL and the Excursion Entity entered into an agreement where RCCL would sell the subject shore excursion to its passengers and the Excursion Entity would operate the subject shore excursion.

52. As its part of the joint venture, RCCL arranged for, sponsored, recommended, marketed, operated, marketed, sold and/or collected money for the subject excursion and the money was then shared between RCCL and the Excursion Entity. As its part of the joint venture, the Excursion Entity provided labor and/or operated the subject excursion.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

53. RCCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursions.  The fee was split between RCCL and the Excursion Entity.

54. At all times material hereto, RCCL and the Excursion Entity had joint and/or shared control over aspects of the joint venture.  The Excursion Entity had control over the day-to-day workings of the excursions. RCCL also had control over the day-to-day workings of the excursions in that they required the Excursion Entity to exercise reasonable care in the operation of the subject excursion. RCCL had control over the arrangements, marketing and sales of the excursion and the authority to force the Excursion Entity to provide refunds.

55. At all times material hereto, RCCL and the Excursion Entity shared a common purpose: to operate the subject shore excursion for a profit.

56. At all times material hereto, RCCL and the Excursion Entity had a joint proprietary and/or ownership interest in the subject shore excursion. RCCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject shore excursion as well as collecting money for such excursion, and the Excursion Entity had a proprietary interest in the time and labor expended in operating the subject shore excursion.

57. At all times material hereto, RCCL and the Excursion Entity shared any losses sustained from the joint venture.

58. RCCL and the Excursion Entity are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

59. At all times material hereto, RCCL and the Excursion Entity therefore:

    a.  Had an intention to create a joint venture;

    b.  Had a joint proprietary interest in the subject matter of the venture;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

c.  Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

d.  Had a right to share in the profits of the joint venture; and

e.  Would share losses which may have been sustained.

60. As a joint venture, RCCL and the Excursion Entity are liable for each other's negligence. As a result, RCCL is liable for the negligent conduct of the Excursion Entity.

61. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

## COUNT V – THIRD PARTY BENEFICIARY

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-seven (27) as though alleged originally herein.

62. RCCL and the Excursion Entity entered into a contract to provide excursions for passengers on board RCCL's ship(s).

63. The contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefits the third-party Plaintiff by requiring the Excursion

Entity to exercise reasonable care in the operation of the subject excursion and by creating a right to enforce a refund to the third-party Plaintiff in the event of their dissatisfaction for any reason.

64. The contract between the parties clearly manifested the intent of the contracting parties that the contract primarily and directly benefits the third-party Plaintiff by requiring the Excursion Entity to maintain insurance and/or exercise reasonable care in the operation of the subject excursion.

65. This contract was breached by both RCCL and the Excursion Entity for acts and/or omissions that include, but are not limited to, the following:

    a.  Failure to provide a safe excursion; and/or

    b.  Failure to properly supervise and oversee the excursion marketed, advertised, offered and sold to its guests; and/or

    c.  Failure to adequately inspect and/or routinely monitor excursion providers so as to ensure that the subject excursion was reasonably safe for cruise passengers and the Plaintiff; and/or

    d.  Failure to adequately inspect and/or routinely monitor the subject excursion so as to ensure that the equipment used in the subject excursion (including the zodiac style boat) was reasonably safe for Plaintiff and cruise passengers; and/or

    e.  Failure to adequately inspect and/or maintain the equipment used in the subject excursion (including the zodiac style boat) so as to ensure that it was reasonably safe for cruise ship passengers; and/or

    f.  Failure to provide an excursion that utilized reasonably safe equipment that was routinely and adequately inspected and maintained; and/or

    g.  Failure to adequately warn the Plaintiff of the danger posed by traveling aboard the zodiac style boat; and/or

Lipcon, Margulies, Alsina & Winkleman, P.A.

h.   Failure to require that the Excursion Entity adequately warn the Plaintiff of the danger posed by traveling aboard the zodiac style boat; and/or

i.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by traveling aboard the zodiac style boat; and/or

j.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that participants of the subject shore excursion are warned about the danger posed by traveling aboard the zodiac style boat; and/or

k.   Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that the zodiac style boat used for the subject shore excursion was reasonably safe for cruise ship passengers; and/or

l.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with policies and procedures to ensure that the zodiac style boat used for the subject shore excursion was reasonably safe for cruise ship passengers; and/or

m.  Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals traveling aboard the zodiac style boat; and/or

n.   Failure to require that the Excursion Entity promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of individuals traveling aboard the zodiac style boat; and/or

o.   Failure to adequately warn Plaintiff of the dangers of participating in the subject excursion; and/or

p.   Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or maintain the equipment used for the subject shore excursion (including the zodiac style boat); and/or

q.   Failure to advise the Plaintiff and other cruise ship passengers that RCCL does not verify that the equipment used for the subject shore excursion (including the zodiac style boat) is reasonably safe, inspected, and/or maintained; and/or

r.   Failure to ensure that properly trained and supervised persons operated the subject excursion; and/or

s.   Violating safety laws including those promulgated in the International Convention for the Safety of Life at Sea (SOLAS); and/or

t.   Having a shore excursion that was not competently operated; and/or

All of which caused the Plaintiff to suffer severe and permanent injuries when he was ejected from his seat aboard the zodiac style boat numerous times while participating in the shore excursion, Ultimate Beach and Snorkel Adventure.

66. As a direct and proximate result of the negligence of the Excursion Entity, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, mental and/or nervous disorders, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost earnings and lost earning capacity both past and future. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of his vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law and demand trial by jury.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Counsel for Plaintiffs*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: /s/ Peter J. Ridge_____
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
**PETER J RIDGE**
Florida Bar No. 114263

Dated: May 14, 2015.

22

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .